**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: David Frederick Ralls Jr**<br>　　　　　　　　**Debtor(s)** | **BK NO. 24-12228 AMC** |
| | **Chapter 13** |
| **Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust** | **Hearing Date: 10/02/24** |
| 　　　　　　　　**Movant** | |
| 　　　　　vs. | |
| **David Frederick Ralls Jr**<br>　　　　　　　　**Respondent(s)** | |

## OBJECTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFA 2023-INV1 TRUST TO CONFIRMATION OF CHAPTER 13 PLAN

Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust (hereinafter Secured Creditor), objects to confirmation of Debtor's Chapter 13 plan and asserts in support of its Objection as follows:

1. On September 4, 2024, Secured Creditor filed a secured proof of claim setting forth pre-petition arrears in the amount of $50,984.73.

2. Debtor's Plan provides for payment in the amount of $24,643.76 towards the arrearage claim of the Secured Creditor.

3. Debtor's Plan understates the amount of the Secured Creditor's claim by $26,340.97 and does not provide sufficient funding to pay said claim including present value interest.

4. Accordingly, Debtor's Plan is not feasible, as it does not fully compensate the Secured Creditor.

5. In addition, the Debtor's Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Secured Creditor, Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust, prays that the Court deny confirmation of the Debtor's Plan.

Respectfully submitted,

Date: September 9, 2024

　　　　　　　　　　By: /s/ Denise Carlon
　　　　　　　　　　Denise Carlon, Esquire
　　　　　　　　　　KML Law Group, P.C.
　　　　　　　　　　The Lits Building
　　　　　　　　　　701 Market Street, Suite 5000
　　　　　　　　　　Philadelphia, PA 19106
　　　　　　　　　　215-627-1322
　　　　　　　　　　Attorney for Movant/Applicant