Emagination Contracting, LLC<br>
$175,500.00<br>
August 31, 2022

## COMMERCIAL PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, **Emagination Contracting, LLC, a Delaware Limited Liability Company** having an address at **1050 Worth Lane, Claymont, DE 19703** ("Maker"), promises to pay to the order of **Lima One Capital, LLC, a Georgia Limited Liability Company** at its principal place of business at **201 East McBee Avenue Suite 300, Greenville, SC 29601** ("Lender"), *or at such other place as the holder hereof may designate, the principal sum of up to $175,500.00* ("Principal Amount"), together with all taxes assessed upon this Note and together with any costs, expenses, and reasonable attorneys' fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its security interest or any mortgage securing this Note or upon any litigation or controversy affecting this Note or the security given therefor, including, without limitation, proceedings under the Federal Bankruptcy Code and all other Expenses (as defined in the Mortgage) (all capitalized terms used herein but not defined herein shall have the meaning set forth in the Loan Agreement of even date hereof).

1. **Payments.** Principal and interest hereunder shall be payable as follows:

    A. From the date hereof, interest on the Principal Amount of this Note shall accrue at the rate of **8.400%** per annum, for the period from the date hereof (the "Closing Date") to and including **August 31, 2022** and shall be payable at the closing of the Loan.

    B. Maker shall pay interest on the Principal Amount for the period commencing on the *Closing Date to and including **August 31, 2022**. Commencing on **10/10/2022**, and on the 10th day* of each month thereafter, until loan maturity, Maker shall make monthly payment of principal and interest on the Principal Amount, with said payments being in an amount amortized so that the Principal Amount is repaid by **September 1, 2052** (the "Maturity Date"). The amount of each monthly installment of principal and interest shall be **$1,337.03**. Maker acknowledges that it must repay the entire Principal Amount, together with all accrued and unpaid interest thereon, on the Maturity Date.

    C. Interest on the Principal Amount, which shall continue to be paid until an Event of Default (as defined below) or full repayment of the Loan, whichever is earlier, shall be fixed as of the Closing Date at **8.400%**

    D. If not sooner paid, the Principal Amount of this Note, together accrued interest and with all other sums due hereunder, shall be due and payable in full on the Maturity Date. It is understood and agreed by Maker that if sufficient payments of principal have not been made, a balloon payment will be due on the Maturity Date.

    E. All payments received will be credited first to late charges and costs hereunder, then to interest accrued at the applicable interest rate hereinafter set forth, with the balance on account of principal.

    F. At no time shall the interest rate exceed the maximum rate permitted by the usury statutes governing this Note, if any. If, by application of the above interest rate formula, the interest rate would exceed and violate such usury statutes, interest shall accrue at the maximum rate as contemplated in Section 16 below.

Promissory Note                                                                                                                     Loan █████

**2. Closing and Loan Disbursement.** The closing of the Loan and disbursement of the Loan proceeds will be made in accordance with the terms of the Loan Agreement of even date.

**3. Security.** This Note is secured by a first priority Commercial Mortgage(s) (the "Mortgage(s)") on those certain parcel(s) of real property known as **905 North 50th Street, Philadelphia, PA 19131** being more specifically described in the Loan Agreement and Mortgage(s).

**4. Default.** If any of the following events occur (which is an "Event of Default"), Lender may declare the entire outstanding principal balance hereof, together with any other amounts that Maker owes to Lender, to be immediately due and payable:

   a. Maker fails to pay any installment of principal and/or interest or any other charges due under this Note within ten (10) days after the same becomes due and payable;

   b. Maker defaults in any other obligations, liabilities, or indebtedness with Lender (whether now existing or hereafter arising); set forth in the Loan Agreement, Mortgage(s), Assignment(s) of Leases and Rents or other Loan Documents;

   c. Maker sells, leases, or otherwise disposes of all or substantially all of its property, assets, or business in violation of the Mortgage and Loan Documents, or if Maker ceases any of its business operations, dissolves, or commences reorganization;

   d. Maker makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets;

   e. Maker files or becomes the subject of a petition in Bankruptcy or upon the commencement of any proceeding or action under any Bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Maker, provided, however, that Maker shall have sixty (60) days from the filing of any involuntary petition in Bankruptcy to have the same discharged and dismissed;

   f. Upon the failure by Maker to observe or perform, or upon default in, any covenants, agreements, or provisions in the Mortgage, Loan Agreement or in any other instrument, document, or agreement, executed and/or delivered in connection herewith or therewith;

   g. Any representation or statement made herein or any other representation or statement made or furnished to Lender by Maker was materially incorrect or misleading at the time it was made or furnished;

   h. In the event of any material adverse change in the financial condition of Maker or any guarantor of the loan; or

   i. The death of any individual obligated for all or any portion of Borrower's obligations under the Loan unless Lender has been provided with a replacement obligor satisfactory to Lender in Lender's sole, non-reviewable judgment within ninety (90) days of the individual's death.

**5. Default Rate.** After the occurrence of an Event of Default (whether or not the Loan has been accelerated), interest will accrue at the lesser of (i) 18% per annum or (ii) the Maximum Rate (as defined in Section 16 below) allowed by applicable law. Interest will continue to accrue at the default rate after judgment until the Note is paid in full.

**6. Leasing Covenant.** As of the Closing Date, each Mortgaged Property shall be either (a) leased by Borrower to and occupied by an Eligible Tenant pursuant to an Eligible Lease that is in full force and effect and is not in default in any

Promissory Note   *[initials]*                                                                                    Loan

material respect or (b) in lease ready condition, meaning that the Mortgaged Properties have been cleaned, no renovations or repairs to the Mortgaged Properties are needed and the Mortgaged Properties is immediately available to be leased to an Eligible Tenant (as further set forth and defined in Section 2.12 of the Loan Agreement).

**7. Prepayment.** If the prepayment is made on or prior to the sixtieth (60th) Payment Date, other than with respect to a prepayment required by Complete Condemnation, Partial Condemnation and Casualty as defined in the Mortgage, a prepayment premium (the Prepayment Premium) shall be paid in an amount equal to (i) five percent (5%) of the principal amount prepaid if the date of prepayment is after the Closing Date through and including the twelfth (12th) Payment Date, (ii) four percent (4%) of the principal amount prepaid if the date of prepayment is after the twelfth (12th) Payment Date through and including the twenty-fourth (24th) Payment Date, (iii) three percent (3%) of the principal amount prepaid if the date of prepayment is after the twenty-fourth (24th) Payment Date through and including the thirty-sixth (36th) Payment Date, (iv) two percent (2%) of the principal amount prepaid if the date of prepayment is after the thirty-sixth (36th) Payment Date through and including the forty-eighth (48th) Payment Date, and (v) one percent (1%) of the principal amount prepaid if the date of prepayment is after the forty-eighth (48th) Payment Date through and including the sixtieth (60th) Payment Date.

**8. Late Charge.** It is further agreed that the holder hereof may collect a late charge equal to five percent (5%) of any payment required hereunder including without limitation the final payment, or any other payment required under any security agreement, mortgage, or any other instrument, document, or agreement executed and/or delivered in connection herewith which is not paid within ten (10) days of the due date thereof. This late charge is to cover the extra expenses involved in handling delinquent payments and is not to be construed to cover other costs and attorneys' fees incurred in any action to collect this Note or to foreclose the mortgage securing the same. This provision shall not affect or limit the holder's rights or remedies with respect to any Event of Default.

**9. Lien/Set Off.** Maker hereby gives the holder hereof a lien and right of set off for all of Maker's liabilities to the holder hereof or Lender upon and against all deposits, credits, and other property of Maker now or hereafter in the possession or control of the holder hereof, or in transit to it, excepting however, funds held in trust by Maker. All payments shall be made in lawful currency of the United States of America in immediately available funds, without abatement, counterclaim, or set-off, and free and clear of, and without any deduction or withholding for, any taxes or other matters.

**10. Purpose of Loan.** Maker represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Maker acknowledges that Lender is making this loan to Maker in reliance upon the above representation by Maker. The above representation by Maker will survive the closing of this loan and repayment of amounts due to Lender hereunder.

**11. Other Obligations.** To the extent that the outstanding balance of this Note is reduced or paid in full by reason of any payment to Lender by an accommodation maker, endorser, or guarantor, and all or any part of such payment is rescinded, avoided, or recovered from Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy, or reorganization of the accommodation maker, endorser, or guarantor, the amount of such rescinded, avoided, or returned payment shall be added to or, in the event this Note has been previously paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the outstanding balance of this Note and all terms and provisions herein shall thereafter apply to the same.

**12. WAIVER.** MAKER (AND EACH AND EVERY ENDORSER, GUARANTOR, AND SURETY OF THIS NOTE) ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES THE RIGHT TO NOTICE AND HEARING UNDER APPLICABLE South Carolina GENERAL STATUTES, OR ANY SUCCESSOR STATUTE OF SIMILAR IMPORT, WITH RESPECT TO ANY PREJUDGMENT REMEDY AS DEFINED THEREIN, AND FURTHER WAIVES DILIGENCE, DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST AND NOTICE OF PROTEST AND NOTICE OF ANY RENEWALS OR EXTENSIONS OF THIS NOTE, AND ALL RIGHTS UNDER ANY STATUTE OF LIMITATIONS, AND AGREES THAT THE TIME FOR PAYMENT OF THIS NOTE MAY BE CHANGED AND EXTENDED AS PROVIDED IN SAID MORTGAGE OR ANY SECURITY AGREEMENT, WITHOUT IMPAIRING MAKER'S LIABILITY THEREON, AND FURTHER CONSENTS TO THE RELEASE OF ALL OR ANY PART OF THE

SECURITY FOR THE PAYMENT HEREOF, OR THE RELEASE OF ANY PARTY LIABLE FOR THIS OBLIGATION WITHOUT AFFECTING THE LIABILITY OF THE OTHER PARTIES HERETO. ANY DELAY ON THE PART OF THE HOLDER HEREOF IN EXERCISING ANY RIGHT HEREUNDER SHALL NOT OPERATE AS A WAIVER OF ANY SUCH RIGHT, AND ANY WAIVER GRANTED FOR ONE OCCASION SHALL NOT OPERATE AS A WAIVER IN THE EVENT OF ANY SUBSEQUENT DEFAULT. MAKER FURTHER WAIVES TRIAL BY JURY AND ACKNOWLEDGES THAT IT MAKES THIS WAIVER KNOWINGLY, VOLUNTARILY, AND ONLY AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVER BY ITS ATTORNEY.

**13. Binding Effect.** This Note shall be binding on Maker, its successors and assigns and shall inure to the benefit of Lender, any holder hereof, its successors and assigns.

**14. Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of **South Carolina**. The Maker acknowledges and agrees that the transaction evidenced by this Note was negotiated and accepted in the State of **South Carolina** and the performance of the obligations hereunder shall be deemed to be performed in the State of **South Carolina**.

**15. Joint and Several.** Should this Note be signed by more than one Maker, references in this Note to Maker in the singular shall include the plural and all obligations herein contained shall be joint and several of each signer hereof.

**16. Maximum Rate.** Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Maker under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Maker stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Maker and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Maker.

**17. Rights Cumulative.** The rights and remedies of Lender shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document referred to herein or executed and/or delivered in connection herewith, and under all applicable laws, and the exercise of any one or more of them will not be a waiver of any other.

**18. Severability.** If any term, clause, or provision hereof shall be adjudged to be invalid or unenforceable by a court of appropriate jurisdiction, the validity and enforceability of the remainder shall not affected thereby and each such term, clause, or provision shall be valid and enforceable to the fullest extent permitted by law.

**[Signatures Commence on Next Page]**

IN WITNESS WHEREOF, the undersigned have executed this Commercial Promissory Note on **August 31, 2022.**

**Borrower: Emagination Contracting, LLC,**
a Delaware Limited Liability Company

_____
By: David Ralls, Managing Member

State of _____PA_____

County of _____Montgomery_____

On this, the __31st__ of **August 2022**, before me, the undersigned, personally appeared, **David Ralls, Managing Member** of **Emagination Contracting, LLC** known to me, or satisfactorily proven to be the person whose name subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

[SEAL]

_____
Notary Public

__Jennifer M Fornara__
Print Name

__3-18-23__
My Commission Expires

```
Commonwealth of Pennsylvania - Notary Seal
Jennifer M. Fornara, Notary Public
Montgomery County
My commission expires March 18, 2023
Commission number 1052227
Member, Pennsylvania Association of Notaries
```