United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-12228-amc |
| David Frederick Ralls, Jr | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: May 02, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 04, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | David Frederick Ralls, Jr, 905 N 50th Street, Philadelphia, PA 19131-5101 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2025                 Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 2, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CHRISTOPHER A. DENARDO | on behalf of Creditor Ardent Credit Union logsecf@logs.com |
| CORINNE SAMLER BRENNAN | on behalf of Creditor Franklin Mint Federal Credit Union cbrennan@klehr.com  scmcginly@klehr.com;nyackle@klehr.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust bkgroup@kmllawgroup.com |
| JOHN ERIC KISHBAUGH, I | on behalf of Creditor Wilmington Savings Fund Society  FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust ekishbaugh@kmllawgroup.com |
| MICHAEL A. CIBIK | on behalf of Debtor David Frederick Ralls  Jr help@cibiklaw.com, noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: May 02, 2025                       Form ID: pdf900                               Total Noticed: 1

TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| David Frederick Ralls, Jr <br><br> Debtor(s) | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of MFA 2023-INV1 Trust <br><br> Moving Party <br><br> vs. | NO. 24-12228 AMC |
| David Frederick Ralls, Jr <br><br> Debtor(s) | 11 U.S.C. Section 362 |
| Scott F. Waterman <br><br> Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of April 10, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$4,766.16**. Post-petition funds received after April 10, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2025 through April 2025 at $1,588.27 each |
| Suspense Balance: | ($1,586.92) |
| **Total Post-Petition Arrears:** | **$4,766.16** |

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,766.16**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,766.16** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due **May 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,588.27** (or as adjusted pursuant to the terms of the mortgage) on or before the tenth (10th) day of each month (with late charges being assessed after the 20th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:   April 22, 2025                    /s/ J. Eric Kishbaugh
                                          J. Eric Kishbaugh, Esq.
                                          Attorney for Movant


Date:   April 24, 2025                    /s/ Michael A. Cibik
                                          Michael A. Cibik, Esq.
                                          Attorney for Debtor


Date:   April 30, 2025                    /s/ Ann Swartz *for*
                                          Scott F. Waterman
                                          Chapter 13 Trustee

Approved by the Court this 2nd day of _____May_____, 2025.  However, the Court retains
discretion regarding entry of any further order.

_____

Bankruptcy Judge
Ashely M. Chan